UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ANDRE STEADMAN,

      Plaintiff,    **REPORT & RECOMMENDATION**

  -against-      09 Civ. 5154 (DAB) (MHD)

JOHN MAYO, CORRECTIONAL OFFICER,
S. SASSI, SERGEANT, DOWNSTATE
CORRECTIONAL FACILITY,

      Defendants.
------------------------------------x

**TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:**

  Plaintiff Andre Steadman commenced this pro se action on May 8, 2009, and filed an amended complaint on December 14, 2010, alleging that the two defendants, Correction Officer John Mayo[1] and Sergeant Steven Sassi, had assaulted him during his incarceration at the Downstate Correctional Facility. Plaintiff's original complaint also alleged that defendants had conspired to violate his civil rights and failed to prevent the conspiracy. Defendants have moved under Rule 12(b)(6) to dismiss the conspiracy claims with prejudice. For the reasons that follow, we recommend that defendants' motion be granted.

---

[1] Plaintiff named one of defendants as "John Mayo," but the individual actually served in this action is named John Meo. (See Defs.' Mem. of Law dated January 12, 2011 ("Defs.' 2011 Mem. of Law") at 1 n. 1).

PROCEDURAL HISTORY

On May 8, 2009, plaintiff filed his initial complaint in this action, suing Officer Mayo and Sergeant Sassi in their individual and official capacities. (See Compl. 1-2, ¶ I(B); Compl. Addendum 2).[2] Plaintiff asserted claims against both defendants under 42 U.S.C. § 1983, alleging that they had employed excessive force against him in violation of the Eighth Amendment. (Compl. Addendum 1). He also asserted claims against defendants under 42 U.S.C. § 1985 for conspiring to deprive him of his constitutional rights, and under 42 U.S.C. § 1986 for failing to prevent the conspiracy to violate his rights. (Id. at 2). In addition, although plaintiff's complaint did not specifically mention the First Amendment, it appeared to assert a retaliation claim based on plaintiff's allegation that he had received a disciplinary ticket from defendants after he filed a grievance about the alleged assault. (See id. at 1 ("I never receive[d] a ticket for all of what happened. . . . [But w]hen I wrote the grievance because of this I receive[d] a ticket two days later."); Defs.' Mem. of Law dated

---

[2] Citations to "Compl." refer to the first section of Mr. Steadman's complaint -- a seven-page form for pro se plaintiffs, on which Mr. Steadman provided basic information about his claim. Citations to "Compl. Addendum" refer to the document labeled "Complaint See Attached Exhibit" at the top of the first page, in which he elaborated on the factual and legal basis for his claims.

2

Sept. 11, 2009 ("Defs.' 2009 Mem. of Law") at 1 ("[P]laintiff alleges that he received a disciplinary ticket because he filed a grievance concerning this issue.")).

Defendants answered and, by motion dated September 11, 2009, moved to dismiss plaintiff's initial complaint in part, targeting the conspiracy and retaliation claims, but not plaintiff's Eighth Amendment excessive-force claim. (See Defs.' 2009 Mem. of Law at 1). By Report and Recommendation dated August 26, 2010, we recommended that defendants' motion be granted. (See Report & Recommendation ("R & R") at 3, 28). Specifically, we recommended (1) that plaintiff's retaliation claim be dismissed with prejudice for failure to exhaust his prison grievance procedures, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (id. at 5); (2) that the 1985 conspiracy claim be dismissed with leave to replead because it lacked factual allegations suggesting a conspiracy between defendants and failed to allege that a discriminatory animus had motivated the assault (see id. at 16-18, 28-29); and (3) that plaintiff's section 1986 claim also be dismissed without prejudice since it was contingent on the adequacy of the pleading of the section 1985 claim. (See id. at 18, 28-29). By order dated November 1, 2010, the District Court adopted our

3

Report and Recommendation in its entirety. (See Adoption of R & R at 2-3). On December 14, 2010, plaintiff filed his amended complaint. (See Am. Compl.).

## THE AMENDED COMPLAINT

Mr. Steadman, a stroke victim and mental-health patient, alleges that defendants Mayo and Sassi, along with other unidentified officers, assaulted him during his confinement at the Downstate Correctional Facility.[3] He alleges that Officer Mayo grabbed his cane, pushed him, and started choking him. (See Am. Compl. 5, ¶ II(D)). According to plaintiff, when he told Officer Mayo that he could not breathe, Officer Mayo and one of the other officers slammed him onto the wet ground and placed him in handcuffs. (Id.). Plaintiff asserts that, while he was on the ground, Officer Mayo stepped on his head, and that Sergeant Sassi and other officers then arrived at the scene. (Id.).

---

[3] Mr. Steadman does not mention the time and the exact location of the alleged assault in the amended complaint. (See Am. Compl. 2, ¶ II(B), II(C)). However, in his initial complaint, Mr. Steadman stated that the alleged assault occurred on March 30, 2009, between 10 and 11 a.m. at "Complex one." (Compl. Addendum 3).

4

Plaintiff alleges that Officer Mayo falsely claimed that plaintiff was kicking him at some point during the altercation, at which point another officer bent plaintiff's legs "like in a wrestling move", and then Sergeant Sassi twisted plaintiff's hands "real[ly] hard." (Id.). Plaintiff asserts that Sergeant Sassi told him to "get up[,] my officers do not carry inmate[s]." (Id.). Plaintiff alleges that Sergeant Sassi told the officers, "if he do[es]n't walk[,] throw him down the stairs." (Id.).

Although Mr. Steadman refers to sections 1985 and 1986 in his initial complaint (see Compl. Addendum at 2), his amended complaint does not include any references to them or to the conspiracy claims alleged in the original complaint. (See Am. Compl.). However, considering that plaintiff is pro se and that he has not alleged any new claims, we assume that plaintiff still alleges sections 1985 and 1986 claims, in addition to his excessive-force claim. The District Court expressly permitted plaintiff to amend his complaint regarding his sections 1985 and 1986 conspiracy claims. (Adoption of R & R at 3). As in his original complaint, plaintiff seeks an award in the amount of fifty-five million dollars. (Id. at 7, ¶ V).

## Defendants' Motion to Dismiss the Amended Complaint

In response to plaintiff's amended complaint, defendants have moved to dismiss his conspiracy claims with prejudice under Rule 12(b)(6). (Defs.' 2011 Mem. of Law at 1, 6; see also Defs.' Jan. 12, 2011 Notice of Mot.). With respect to plaintiff's claim under section 1985, defendants contend that the amended complaint has failed adequately to allege that a conspiracy existed between the two defendants and that the conspiracy was the result of discriminatory animus directed at plaintiff. (Defs.' 2011 Mem. of Law at 1). As for the section 1986 claim, which is premised on the assertion that defendants neglected to prevent a conspiracy, defendants argue that it must fail because plaintiff's amended complaint has failed to adequately allege a section 1985 conspiracy. (Id.).

## ANALYSIS

Before assessing defendants' proffered grounds for dismissal, we briefly review the standards applicable to a Rule 12(b)(6) motion. Since defendants served and filed an answer to the amended complaint along with their motion to dismiss, technically the

6

motion seeks judgment on the pleadings under Rule 12(c). <u>See</u> Fed. R. Civ. P. 12(c) (providing for the filing of motions for judgment on the pleadings after the pleadings are closed). The standards for such a motion are the same as those applicable to motions to dismiss under Rule 12(b)(6). <u>Wachovia Corp. v. Citigroup, Inc.</u>, 634 F. Supp.2d 445, 450 (S.D.N.Y. 2009) (quoting <u>Cleveland v. Caplaw Enters.</u>, 448 F.3d 518, 520 (2d Cir. 2006)).

I. <u>Rule 12(b)(6) Criteria</u>

On a motion to dismiss for failure to state a claim, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>abrogated on other grounds by Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>accord</u>, <u>e.g.</u>, <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 476 (2d Cir. 2006) (internal citation omitted). In assessing such a motion, the court must assume the truth of the well-pled factual allegations of the complaint and must draw all reasonable inferences against the movant. <u>E.g.</u>, <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328, 337 (2d Cir. 2006); <u>Still v. DeBuono</u>, 101 F.3d 888, 891 (2d Cir. 1996). The pleader may not rely,

however, on allegations that are only bare legal conclusions, see Starr v. Sony BMG Music Entm't, 592 F.3d 314, 317 n.1 (2d Cir. 2010) (discussing Rule 8(a)) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)), or "legal conclusions couched as factual allegations". Id. at 321 (quoting Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007)).

The traditional test on a Rule 12(b)(6) motion required that the complaint not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Leibowitz v. Cornell Univ., 445 F.3d 586, 590 (2d Cir. 2006) (per curiam) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has since rejected this formulation, however, and a complaint is now subject to dismissal unless its well-pled factual allegations, if credited, make the claim "plausible". See Iqbal, 129 S.Ct. at 1949; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560-61 (2007). While the Supreme Court's recent decisions do not require a party to plead "detailed factual allegations" to survive a motion to dismiss, they do require that the plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". Starr, 592 F.3d at 321 (quoting Iqbal,

129 S.Ct. at 1949). In any event, "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. Iqbal, 129 S.Ct. at 1949. In short, the pleading must do more than "tender[ ] naked assertions devoid of further factual enhancement", id. (internal quotation marks omitted), and in doing so must "'raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555).

When addressing a 12(b)(6) motion, the court may not consider evidence proffered by the moving party or its opponent. E.g., Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Healthcare Fin. Grp., Inc. v. Bank Leumi USA, 669 F. Supp.2d 344, 347 (S.D.N.Y. 2009) (internal citation omitted). Rather, the court is limited to reviewing the four corners of the complaint, any documents attached to that pleading or incorporated in it by reference, any documents that are "integral" to the plaintiff's allegations even if not explicitly incorporated by reference, and facts of which the court may take judicial notice. See, e.g., ATSI Commc'ns, Inc., 493 F.3d at 98; Roth, 489 F.3d at 509; Leonard F. v. Israel Disc. Bank, 199 F.3d 99, 107 (2d Cir. 1999).

In view of plaintiff's status as an untutored pro se litigant, we read his complaint and motion papers liberally and derive from them the most reasonable claims and arguments that they may be read to imply. See, e.g., Triestman, 470 F.3d at 474-76. Moreover, the liberal pleading rules apply "with particularly stringency to [pro se] complaints of civil rights violations." Phillip v. Univ. of Rochester, 316 F.3d 291, 293-94 (2d Cir. 2003). However, the "plausibility" standard articulated in Twombly and Iqbal applies to the pleadings of pro se plaintiffs as well as to those of represented litigants. See, e.g., Carvel v. Cuomo, 357 Fed. App'x 382, 383-84 (2d Cir. 2009); Sheehy v. Brown, 335 Fed. App'x 102, 104 (2d Cir. 2009); Collins v. W. Hartford Police Dep't, 324 Fed. App'x 137, 138 (2d Cir. 2009); Dorsey v. Fisher, 2009 WL 4985421, *2, *4 (N.D.N.Y. Dec. 15, 2009); Conseillant v. Lafontant, 2009 WL 2163263, *1 (N.D.N.Y. July 20, 2009).

II. The Sections 1985 and 1986 Claims

Subsection 3 of 42 U.S.C. § 1985 prohibits private conspiracies to "depriv[e] persons of rights or privileges." 42 U.S.C. § 1985(3); see also Bray v. Alexandria Women's Health

10

Clinic, 506 U.S. 263, 267-68 (1993). To state a cause of action under section 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. Furthermore, the conspiracy must also be motivated by 'some racial or . . . [other] discriminatory animus. . . .

Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993) (per curiam) (citations omitted); see also Bray, 506 U.S. at 267-68 (elements of private conspiracy claim under § 1985(3) are (1) racial or other invidious discrimination, and (2) a conspiracy aimed at interfering with rights protected from private encroachment) (citations omitted). A "conspiracy" in this context is defined as a "combination of two or more persons acting in concert to commit an unlawful act." Graves v. United States, 961 F. Supp. 314, 320 (D.D.C. 1997). In order to successfully plead the existence of a conspiracy between defendants, "a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" Webb v. Goord, 340 F.3d 105, 110-11 (2d

11

Cir. 2003) (quoting Romer v. Morgenthau, 119 F. Supp.2d 346, 363 (S.D.N.Y. 2000)).

The amended complaint does not provide any factual allegations beyond those already stated in the initial complaint. (Compare Compl. Addendum 1, 3, with Am. Compl. 5, ¶ II(D)). Since the initial pleading failed to allege facts necessary to meet the requirements of section 1985, it necessarily follows that the amended pleading also fails here.

According to plaintiff's narrative, he was attacked by Officer Mayo, and Sergeant Sassi only arrived at the scene subsequently, thereafter twisting plaintiff's limbs during the continuing physical altercation. Plaintiff goes on to allege that, after he was subdued, Sergeant Sassi told the officers to throw him down the stairs if he did not start walking. (Am. Compl. 5, ¶ II(D)). This is not sufficient to show that defendants entered into any kind of agreement to assault plaintiff. The amended complaint fails to allege any facts suggesting or implying a conspiracy between Officer Mayo and Sergeant Sassi. (See R & R at 17) ("Plaintiff invokes section 1985, but he fails to cite any facts that plausibly

12

suggest or imply that a conspiracy, or any agreement, communication or joint action on the part of the defendants actually occurred.").

Equally fatal to plaintiff's claim is his failure to allege that any discriminatory animus motivated defendants' assault. Under section 1985, such an element must be pled and proven. See Mian, 7 F.3d at 1088 (evidence of racial or other discriminatory animus necessary to prevail on section 1985(3) conspiracy claim); Palmieri v. Lynch, 392 F.3d 73, 86-87 (2d Cir. 2004) (citations omitted). Plaintiff fails to do so in his amended complaint. (See Am. Compl. 5, ¶ II(D); see also R & R at 17). Indeed, plaintiff does not provide any facts suggesting that the motivation behind defendants' alleged assault on plaintiff arose from a discriminatory animus. (See, e.g., Am. Compl. 5, ¶ II(D)). Thus, plaintiff's pleading fails to state a section 1985 conspiracy claim.

As for plaintiff's section 1986 claim, "it fails as matter of pleading since such a claim is contingent on the pleading of an adequate 1985 conspiracy claim." (R & R at 18). Under 42 U.S.C. § 1986, a defendant can be held liable for neglecting or refusing to stop a conspiracy when he was aware of the conspiracy and in a position to prevent it. See 42 U.S.C. § 1986. However, "a claim

under section 1986 . . . lies only if there is a viable conspiracy claim under section 1985." (R & R at 18) (quoting Gagliardi v. Vill. of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) (citation omitted)). Since plaintiff's amended complaint fails to state a claim under section 1985, he cannot maintain a claim under section 1986. (See R & R at 18).

In view of the inadequate pleading of plaintiff's conspiracy claims in his amended complaint, we need not assess defendants' further argument that the section 1985(3) claim is "barred by the intracorporate conspiracy doctrine, which posits that officers, agents and employees of a single corporate or municipal entity, each acting within the scope of his employment, are legally incapable of conspiring together." (Defs.' 2011 Mem. of Law at 5) (quoting Cruz v. Reilly, 2009 WL 2567990, *6 (E.D.N.Y. Aug. 18, 2009)).[4]

---

[4] We note that "[a]n exception to the intracorporate conspiracy doctrine applies to individuals within a single entity when they are pursuing personal interests wholly separate and apart from the entity." Quinn v. Nassau Cnty. Police Dep't, 53 F. Supp.2d 347, 360 (E.D.N.Y. 1999) (quotations omitted). Plaintiff does not allege that defendants were acting pursuant to personal interests -- indeed, he fails to mention motive at all.
14

III. <u>The Nature of the Dismissal</u>

Having determined that the conspiracy claims are inadequately pled, we recommend that they be dismissed with prejudice. Generally, a <u>pro se</u> plaintiff should get at least one chance to amend his or her complaint before a court dismisses it due to a pleading deficiency. See <u>Gomez v. USAA Federal Sav. Bank</u>, 171 F.3d 794, 795-96 (2d Cir. 1999) (<u>per curiam</u>). However, "[w]hen [a] plaintiff is put on notice of the deficiencies in his complaint and fails to correct them in the amended complaint, . . . dismissal with prejudice is proper." <u>Posner v. Coopers & Lybrand</u>, 92 F.R.D. 765, 770 (S.D.N.Y. 1981) (citing <u>Denny v. Barber</u>, 576 F.2d 465, 471 (2d Cir. 1978)), <u>aff'd</u>, 697 F.2d 296 (2d Cir. 1982).

In its November 1, 2010 order, after dismissing the initial complaint without prejudice, the District Court allowed plaintiff to file an amended complaint to allege an adequate factual basis for the conspiracy claims, and warned that "[f]ailure to do so shall result in a dismissal with prejudice of his conspiracy claims." (Adoption of R & R at 3). The order put plaintiff on notice that his initial complaint did not allege a sufficient factual basis for his conspiracy claims, and provided him the

15

opportunity to correct the inadequacies of his pleading through an amended complaint. However, plaintiff's amended complaint has failed again to include adequate factual allegations for his section 1985 and section 1986 conspiracy claims.

Moreover, plaintiff's amended pleading should be dismissed with prejudice because plaintiff provided the same narrative in both his initial and amended complaints. See Posner, 92 F.R.D. at 770 (dismissing plaintiff's amended complaint with prejudice because the "amended complaint . . . is nearly identical to the original complaint"). Plaintiff failed to provide a sufficient factual ground for his conspiracy claims when the court gave him an opportunity to amend, and he is not entitled to a third bite at the apple. See id. ("The Court is not prepared to have a third go-around."). Therefore, we recommend that plaintiff's conspiracy claims be dismissed with prejudice.

## CONCLUSION

For the reasons stated, we recommend that defendants' motion for dismissal be granted and plaintiff's section 1985 and section 1986 conspiracy claims be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

DATED: New York, New York
       March 27, 2012

                                    RESPECTFULLY SUBMITTED,


                                    _____
                                    MICHAEL H. DOLINGER
                                    UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed this date to:

Mr. Andre Steadman
19 Lawrence Street, Apt. 1W,
Yonkers, NY 10705

Thomas M. Biesty. Esq.
Office of The Attorney General(NYS)
120 Broadway
New York, NY 10271